UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SYLVESTER BOWIE | CIVIL ACTION NO. 22-4071 |
| VERSUS | JUDGE DONALD E. WALTER |
| SHELTER MUTUAL INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Report and Recommendation wherein Magistrate Judge Kathleen Kay recommends that the Motion for Leave to File Intervention Complaint filed by McClenny Moseley & Associates law firm ("MMA") be denied. See Record Document 33. MMA objected to the Magistrate Judge's recommendation and the plaintiff filed a response. See Record Documents 35 and 37. For the reasons that follow, this Court **ADOPTS** the Report and Recommendation and, thus, the Motion to Intervene filed by MMA is **DENIED**.

For reasons well-documented in prior rulings of this and other courts, MMA was suspended from the practice of law in the Western District of Louisiana. As pertains to the instant motion, on March 23, 2023, following the suspension of MMA, the plaintiff, Sylvester Bowie ("Bowie"), terminated MMA and hired new counsel. Thereafter, MMA sought to intervene to enforce its lien rights for attorney's fees and expenses. MMA argues that its intervention is a matter of right under Federal Rule of Civil Procedure 24(a). MMA also seeks permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). Bowie opposes the motion to intervene, arguing that the alleged contingency fee agreement between he and MMA is null and void and that MMA did no meaningful work. Magistrate Judge Kay agreed that MMA was not entitled to intervene and recommended that MMA's motion to intervene be denied. MMA filed objections to the Report

and Recommendation arguing that Magistrate Judge Kay exceeded her authority and scope of resolving the motion and that she failed to apply the correct legal standards, while also unnecessarily recommending adjudication of the proposed intervention complaint on the merits and thus rendering advisory opinions.

This Court agrees with Judge Cain[1] and other courts that a motion to intervene may be resolved by a report and recommendation, which is subject to *de novo* review if challenged. After *de novo* review of Magistrate Judge Kay's report and recommendation, this Court agrees with her ultimate findings and conclusions, specifically that MMA's asserted interest is insufficient to support intervention.

Accordingly,

**IT IS ORDERED** that, after a *de novo* review of the record, and considering the objections filed, this Court **ADOPTS** Report and Recommendation issued by Judge Kay (Record Document 33) and the Motion to Intervene filed by MMA (Record Document 22) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of February, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] Trahan v. Allstate Vehicle & Prop. Ins. Co., No. 22-3604, 2023 WL 7413092 (W.D. La. Nov. 8. 2023).